## Commonwealth v. Yentis

G. Harmon Webb, for Commonwealth; E. Leroy Van Roden, for appellants.

BROOMALL, J., January 20, 1933.—This is an appeal from a mercantile license tax levied by the Commonwealth against Alfred Yentis and Isaac Yentis, individually and as copartners, trading as Alfred's Market, hereinafter called

appellants. The tax was levied under the Act of April 30, 1925, P. L. 372, 72 PS § 2641, which amended the Act of May 2, 1899, P. L. 184, 72 PS § 2621, providing that such tax be paid by each retail vendor of or retail dealer in goods, wares and merchandise. The purpose of amending the original act is to impose the tax on persons engaging in business after May 1st of each year. Under the original act, such persons were not taxed.

Appellants first directed an appeal to the county treasurer and mercantile appraiser, which appeal was dismissed, and they thereupon filed this appeal, which is now before us for consideration on a stipulation of facts and briefs of counsel.

By the stipulation filed the facts agreed upon are that appellants opened a store and started in business on October 25, 1930; that during the first month the volume of business transacted was $35,084.96; that the mercantile tax appraiser has assessed appellants for the fiscal year 1930-1931 on the basis of $35,084.96, multiplied by the number of months between October 25, 1930 and April 30, 1931; that the actual volume of business for that portion of the tax year from October 25, 1930 to April 30, 1931 was $162,209.93; that for the fiscal year 1931-1932 the assessment was on the same basis of $35,084.96 multiplied by 12, the number of months in the next succeeding year; that the actual volume of business transacted for the period from May 1, 1931 to April 30, 1932 was $158,771.96; that there has actually been paid tax for a volume of business equivalent to $106,750; that the Commonwealth claims tax on an additional volume of business of $528,529.28, which appellants refuse to pay; and that appellants have tendered payment of the tax on an assessment of $214,231.89, which is the difference between the actual volume of business transacted in the two years in question and $106,750, on which the tax has been paid.

Briefly and concisely stated, the facts indicate that by using the volume of the first month's business as the basis for ascertaining the amount taxable for the periods in question, appellants are assessed on business of approximately $640,000 upon which the Commonwealth claims tax, while the actual volume of business transacted by appellants during both periods amounts to only one half of this amount, or approximately $320,000, on which amount appellants are willing to have the assessment made.

Appellants admit the validity of the Act of 1899, supra, but question the act amending it (Act of 1925, supra), contending that it is unconstitutional on the ground that it lacks uniformity and is unequal and unjust in its provisions and therefore violates the mandate of section 1 of article IX of the Constitution of Pennsylvania, providing that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws".

Neither counsel for the Commonwealth nor counsel for the appellants have cited nor have we been able to find any decisions under the act directly on the question involved.

In Knisely v. Cotterel, 196 Pa. 614, 632, cited by counsel for the Commonwealth, it was held, citing Commonwealth v. Canal Co., 123 Pa. 594, that "a mere diversity in the methods of assessment and collection violates no rule of constitutional right, if when they are applied there is substantial uniformity in the results."

Counsel for the appellant states that he is unable to find any cases in which a similar statute has been declared unconstitutional and cites a case in New York and one in the United States Supreme Court, which we think are not in point. In our independent search of Pennsylvania cases construing similar statutes, we find the case of Commonwealth v. Mortgage Trust Co., 227 Pa. 163,

which we think is in point and under which the appeal in this case must be dismissed.

In the Mortgage Trust Company case, the Commonwealth taxed the capital stock of a corporation by determining the actual value of each share of stock to be the sum produced by adding together the amount of capital stock paid in, surplus, and undivided profits, and dividing the result by the whole number of shares outstanding. The method under a prior act had been to fix the market value of the stock for the purpose of taxation. It was found that fixing the market value was not satisfactory in that it produced unequal and unjust results, as the actual market value of the shares could be controlled by manipulation of the stockholders. The new method was adopted by an act of legislature, and the lower court held that the act was unconstitutional. On appeal to the Supreme Court, it was pointed out that the evidence showed many inequalities in the basis of taxation, but notwithstanding this the court reversed the lower court, holding the act to be valid and the taxes thereunder uniform within the meaning of the Constitution, following Commonwealth v. Merchants & Manufacturers National Bank, 168 Pa. 309, which was affirmed, on appeal to the Supreme Court of the United States, in 167 U. S. 461. This case has also been cited and followed in later decisions.

In this case we have, as stated above, what is an assessment of twice the amount of business actually transacted, based upon the volume of business for the first month, while in the Mortgage Trust Company case the unreasonableness complained of was two and one half times the amount. Under the facts in the latter case, as stated in the findings by the court below, the method of fixing the assessment designated by the legislature resulted in 4 cases only being identical with the actual value, 29 cases with variations of less than 1 dollar, 87 cases with excess over actual value varying from 5 to 300 percent, while in 100 cases the assessed value was 10 to 50 percent less than the actual value. Even if we had testimony in the instant case as to the actual results produced by the method complained of, it would not avail appellants. As said in Commonwealth v. Mortgage Trust Company, supra (page 178) : "The contention . . . is, that the taxes levied were not uniform, because . . . great inequality of burden resulted. This court pointed out in that case that the inequalities complained of were due to causes that the legislature could not be required to foresee and provide against. The act was held to be a valid exercise of legislative power because the tax rates and methods of determining taxable value were uniformly applied notwithstanding the inequalities of results."

Counsel for appellants in the case at bar argues with great force and ability that the statutory method of determining the amount of business transacted by appellants produces an inequality by taking the business during the first month as the basis for the entire period. It is argued that, as applied to this case, the first month's volume of business cannot be adopted because usually the first month is proportionately larger than future months. With this argument we cannot agree. It is true that, under modern methods of advertising, the starting of a new business and the offering of prizes, together with the natural tendency of the public to patronize a new enterprise, the first month's business may be unusually large. On the other hand a successful business usually starts out on a small scale; it is gradually built up and increases each month. In the first instance, of course, to select the first month's business as fixing a tax would, on the face of it, be unjust, but we think it is the exception to the rule and that in the great majority of cases the first month's business is usually smaller than subsequent months. It is doubtful if any better method of ascertaining the volume of business could be adopted, and if unreasonable, it is not so to the

extent that the courts will declare it unconstitutional. If there is a more equitable method to work it out, that, under our view of the law, is a legislative and not a judicial question.

And now, to wit, January 20, 1933, appeal dismissed at cost of appellants.

From William R. Toal, Media, Pa.